## NAPIER *v.* WISEMAN.

The supreme court will not disturb matters of fact decided by the court below, when the bill of exceptions does not purport to give all the evidence.

Damages may be recovered against a sheriff for an illegal sale of land, if the plaintiff was deprived of his title by such sale.

APPEAL *from Polk District Court.*

*Opinion by* GREENE, J.   This case was commenced under the New Code by Henson Wiseman against Thomas H.

Napier. The petition claims damages from the defendant, for selling on execution, as sheriff of Polk county, the plaintiff's equitable right to lot seven, in block thirty-seven, in the town of Fort Des Moines, without making any levy or giving any notice whatever of the sales. The answer in brief and general terms denied the trespass; and denied that anything was due the plaintiff. The parties submitted the case to the court without a jury. The judge found that Napier, by his deputy, did sell the lot in question, without giving notice that the plaintiff had an equitable interest in the lot; that the sheriff gave a certificate of sale to Thomas McMullen, who, by virtue of said certificate, procured a deed for said lot from the board of commissioners of Polk county, who held the legal title; and, that the plaintiff was damaged seventy-five dollars by the trespass and illegal sale. Judgment was rendered accordingly.

To the decision of this cause several errors are assigned, but the record disclosed no question of law, decided by the court below, which can be properly reversed by this court. The whole transaction resolves itself into questions of fact, which appear to have been decided upon evidence before the court. That evidence is not all before us; there was no exception taken to it; and there is nothing to show that the conclusions of the court were not authorized by law.

It is contended that if the sale was illegal, that McMullen acquired no right from it, and that, therefore, the plaintiff could not be injured by the sale. But the evidence satisfied the court below that he had been damaged to the amount of seventy-five dollars. And it appears by the record that the certificate from the sheriff, which *prima facie*, gave McMullen the plaintiff's equity in the lot, induced the county commissioners to deed the legal title to McMullen, and thus the illegal acts of the sheriff precluded the plaintiff from obtaining that title. It follows then, that the plaintiff suffered damage from the unauthorized proceedings

---

of the sheriff. In the present state of the record we see no alternative but to affirm the judgment below.

*Casady* and *Tidrick*, for appellant.
*M. Young*, for appellee.